Robert J. Leader, Esq. Village Attorney, Gouverneur
You have indicated that the procedure has been commenced for annexation by the Village of Gouverneur of certain lands located in the Town of Gouverneur. According to your letter, the legislative bodies of the town and village have approved the proposed annexation. You have indicated that there are no residents in the area of the town that is proposed to be annexed to the village. Your question is whether under these circumstances an election must be held in the area proposed to be annexed.
The procedure for annexation of territory by a local government is defined by law. Under the State Constitution:
 "No local government or any part of the territory thereof shall be annexed to another until the people, if any, of the territory proposed to be annexed shall have consented thereto by majority vote on a referendum and until the governing board of each local government, the area of which is affected, shall have consented thereto upon the basis of a determination that the annexation is in the over-all public interest. The consent of the governing board of a county shall be required only where a boundary of the county is affected. On or before July first, nineteen hundred sixty-four, the legislature shall provide, where such consent of a governing board is not granted, for adjudication and determination, on the law and the facts, in a proceeding initiated in the supreme court, of the issue of whether the annexation is in the over-all public interest" (Art IX, § 1[d]).
The procedure for municipal annexation is found in Article 17 of the General Municipal Law. The municipal annexation procedure is commenced by petition (id., § 703). The governing bodies of the local governments containing the territory to be annexed and the governing body of the annexing local government are empowered to approve the proposed annexation (id., § 711). If one or more, but not all, of these local governments involved disapprove the proposed annexation, an approving local government may commence an action in the appropriate appellate division for a determination whether the proposed annexation is in the over-all public interest (id., § 712). In the event that the proposed annexation is approved in either of the two above ways, it is then required that each city, town and village in which the territory to be annexed is situated, call a special election to determine whether annexation shall be approved (id., § 713). Qualified voters residing in the territory proposed to be annexed may vote in this election.
We have stated this latter provision carries out the requirement in the Constitution that "the people, if any, of the territory proposed to be annexed" must approve the annexation. We have construed the constitutional and statutory provisions as meaning that if there are people residing in the territory proposed to be annexed, their consent by majority vote on a referendum must be obtained, and conversely if there are no people residing in such territory, no election need be held (1965 Op Atty Gen [Inf] 145). The Constitution requires the consent of the people, if any, of the territory proposed to be annexed (ibid.; see also, 1982 Op Atty Gen [Inf] 116).
We conclude that an election need not be held in the territory proposed to be annexed, where there are no persons residing in this territory.